UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
*******************************
                              *
In Re:  Thomas A. Frangos     *      Case No.: 24-10379-BAH
                              *      Chapter 13
                 Debtor(s)    *
                              *
*******************************
                              *
   Thomas A. Frangos          *      Adv. No.: 24-
   Frances Ann Frangos        *
           &                  *
   The Frances Ann Frangos Revocable *
   Truste of 2002
                              *
              Plaintiffs      *
        V.                    *
                              *
   Jonathan Flagg, Esq.,      *
   Flagg Law, PLLC            *
           &                  *
   The Bank of New York Mellon FKA *
   The Bank of New York, as Trustee for *
   Certificateholders of CWABS, Inc., *
   Asset Backed Certificates, Series *
   2005-AB2                   *
                              *
              Defendants      *
                              *
*******************************
```

## COMPLAINT BY DEBTOR
## FOR
## WILLFUL VIOLATION OF THE AUTOMATIC STAY
## AND
## COMPLAINT BY THE CO-DEBTOR FOR WILLFUL VIOLATION OF THE CO-DEBTOR STAY
## BY
## JONATHAN FLAGG, ESQ.;
## FLAGG LAW, PLLC;
## &
## THE BANK OF NEW YORK MELLOW FKA THE BANK OF NEW YORK, AS TRUSTEE FOR CERTIFICATE HOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-AB2

NOW COME the Debtor in the above-captioned matter, Thomas A. Frangos, and the Co-Debtor in the above-captioned matter, Frances A. Frangos, and Plaintiffs in this matter, by and through their Attorneys, Harman Law Offices and Law Offices of Richard N. Gottlieb, and Complain against the Defendants, Jonathan Flagg, Esq., Flagg Law, PLLC, and the Bank of New York Mellon FKA the

Bank of New York, as Trustee for Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-AB2, for Willful Violation of the Automatic Stay and Violation of the Co-Debtor stay and say as follows:

## I. Jurisdiction

1. That this Honorable Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C.A. §1334(b) and §157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994, (DiClerico, C.J.)

2. That this is a Complaint by the Debtor, Thomas A. Frangos, against Jonathan Flagg, Esq., hereinafter "Flagg" for willful violation of the automatic Stay imposed by 11 U.S.C. § 362(a)(1) and willful violation of the Co-Debtor Stay imposed by 11 U.S.C. § 1301.

3. That this is a Complaint by the Debtor, Thomas A. Frangos, against Flagg Law, PLLC, hereinafter "Flagg Law", for willful violation of the automatic stay imposed by 11 U.S.C. § 362(a)(1) and willful violation of the Co-Debtor Stay imposed by 11 U.S.C. § 1301.

4. That this is a Complaint by the Debtor, Thomas A. Frangos, against The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-AB2, hereinafter "ABS", for willful violation of the Automatic Stay imposed by 11 U.S.C. § 362(a)(1) and willful violation of the Co-Debtor Stay imposed by 11 U.S.C. § 1301.

5. That this a Complaint by the Co-Debtor, Frances A. Frangos, against Flagg for willful violation of the Co-Debtor Stay imposed by 11 U.S.C. § 1301 and for damages resulting from the willful violation of the Automatic Stay imposed by 11 U.S.C. § 362(a)(1).

6. That this a Complaint by the Co-Debtor, Frances A. Frangos, against Flagg Law for willful violation of the Co-Debtor Stay imposed by 11 U.S.C. § 1301 and for damages resulting from the willful violation of the Automatic Stay imposed by 11 U.S.C. § 362(a)(1).

7. That this is a Complaint by the Co-Debtor, Frances A. Frangos, against ABS for willful violation of the Co-Debtor Stay imposed by 11 U.S.C. §1301 and for damages resulting from the willful violation of the Automatic Stay imposed by 11 U.S.C. § 362(a)(1).

8. That this is an Adversarial Action pursuant to Bankruptcy Rule 7001.

9. That pursuant to Fed. R. Bankr. P. 7008(a), the Plaintiffs state that they consent to the entry of Final Orders and/or Judgments in this matter by this Honorable Court.

## II. Parties

10. That the Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 9 above.

11. That the Plaintiff, Thomas A. Frangos, is an individual whose mailing address is 33 Gosport Road, Portsmouth NH 03801.

12. That the Plaintiff, Frances A. Frangos, is an individual whose mailing address is 33 Gosport Road, Portsmouth, NH 03801.

13. That the Defendant, Flagg, is an attorney admitted and licensed to practice law in the State of New Hampshire with a Business address of Flagg Law, PLLC, 93 Middle Street, Portsmouth, NH 03801.

14. That the Defendant, Flagg Law, is a professional limited liability company with a mailing address of 93 Middle Street, Portsmouth, NH 03801.

15. That the Defendant, ABT, is an Asset-Backed Trust, whose Trustee is Bank of New York Mellon, hereinafter "BONY", with a mailing address of 101 Barclay St.-4W, New York, NY 10286.

### III. Background

16. That the Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 15 above.

17. That on or about March 12, 2002, the Frances Ann Frangos 2002 Revocable Trust, hereinafter "the Trust", was established.

18. That the Trust designates Frances Ann Frangos as the sole Trustee during her lifetime.

19. That the Trust designates Paul A. Frangos and George J. Bakos as successor Co-Trustees, if Frances Ann Frangos is unable or unwilling to continue serving as Trustee.

20. That the Trust further directs that if either Paul A. Frangos or George J. Bakos is unwilling or unable to serve as successor co-trustee, the remaining successor co-trustee shall serve as the sole trustee.

21. That the Trust does not designate Thomas A. Frangos as a Trustee under any condition.

22. That the Trust designates Thomas A. Frangos as a beneficiary.

23. That on or about March 14, 2002, Thomas A. Frangos purchased real estate located at 33 Gosport Road, Portsmouth, NH, hereinafter "the property".

24. That on or about March 27, 2002, Thomas A. Frangos transferred the property to Frances Ann Frangos, Trustee of the Trust.

25. That on or about March 19, 2003, Frances Ann Frangos, Trustee of the Trust transferred the property to Thomas A. Frangos and Frances Ann Frangos in their individual capacities.

26. That on or about April 1, 2003, Thomas A. Frangos and Frances Ann Frangos transferred the property to Frances Ann Frangos, Trustee of the Trust.

27. That the Trust has not transferred the property since it received ownership via the April 1, 2003 Deed.

28. That on or about April 25, 2005, Thomas Frangos signed a promissory note in the principal amount of $599,000.00.

29. That on or about April 25, 2005, Thomas Frangos and Frances Ann Frangos acting in their individual capacities executed a mortgage against the property.

30. That neither Thomas Frangos nor Frances Ann Frangos owned the property on April 25, 2005.

31. That neither Thomas Frangos nor Frances Ann Frangos have owned the property since April 1, 2003.

32. That on or about May 16, 2022, ABS filed a complaint against Thomas Frangos, Frances Ann Frangos, and the Trust for: Unjust Enrichment, Quantum Meruit, Equitable Subrogation, Reformation of Mortgage and Deed, and to Quiet Title, hereinafter "the Quiet Title Action".

33. That the Quiet Title Action was pending at the Rockingham County Superior Court as of May 30, 2024.

34. That a Bench Trial in the Quiet Title Action was scheduled to begin on May 31, 2024 at 9:00 A.M. at the Rockingham County Superior Court before Judge Ruoff.

35. That Thomas Frangos was represented by Attorney Terrie Harman in the Quiet Title Action.

36. That Frances Frangos and the Trust were represented by Attorney Vincent Marconi in the Quiet Title Action.

## FACTS

37. That the Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 36 above.

38. That Thomas Frangos filed a Voluntary Chapter 13 Bankruptcy on May 30, 2024, and received Bankruptcy Case No.: 24-10379-BAH at the United States Bankruptcy Court for the District of New Hampshire, hereinafter "the Bankruptcy".

39. That Thomas Frangos' Bankruptcy Counsel, hereinafter "Bankruptcy Counsel", sent a text message containing a screen shot of the Bankruptcy Case Filing Notice to Flagg approximately ten (10) minutes after the case was filed.

40. That approximately five (5) minutes after the text message to Flagg, Bankruptcy Counsel sent the same Bankruptcy Case Filing Notice as an attachment to an e-mail, hereinafter "the e-mail", sent to:

   a. Flagg;
   b. Attorney Terrie Harman;
   c. Attorney Vincent Marconi;
   d. Patrice Touma, Esq., Clerk of Court;
   e. Sandra Pease, Court Assistant; and
   f. Jacqueline Flathers, NH Court Staff

41. That less than ten (10) minutes after the text message, Flagg responded to the Text Message acknowledging the Bankruptcy filing, and further asked if Bankruptcy Counsel would assent to stay relief.

42. That at approximately 10:30 A.M. on May 30, 2024, the Rockingham County Superior Court received a Suggestion of Bankruptcy, which it accepted later in the day.

43. That at approximately 1:45 P.M. on May 30, 2024, Attorney Touma in the Clerks' office responded to the e-mail indicating that the Clerks' office was reviewing the suggestion of Bankruptcy but noting that it was only Thomas Frangos who filed bankruptcy and therefore the stay did not apply to either Frances Frangos or the Trust thus the Trial would proceed against those parties as scheduled.

44. That at approximately 3:00 P.M. on May 30, 2024, Attorney Terrie Harman and Bankruptcy Counsel separately responded to the e-mail citing the co-debtor stay provided by 11 U.S.C. §1301.

45. That at approximately 3:15 P.M. on May 30, 2024, Flagg responded to Attorney Terrie Harman's response to the e-mail indicating that the Quiet Title Action had nothing to do with the bankruptcy estate, that he would be at the trial in the morning with his witnesses and Judge Ruoff would need to make the determination about whether the Stay is applicable.

46. That at approximately 3:30 P.M. on May 30, 2024, Flagg responded to Bankruptcy Counsel's response to the e-mail declaring that, "Mrs. Frangos is not a co-debtor. She did not sign the note."

47. That at approximately 4:00 P.M. on May 30, 2024, Attorney Terrie Harman and Bankruptcy Counsel had a telephone call with Flagg. During the call:

    a. Flagg was notified that proceeding with the Trial on the quiet title action would violate the stay with respect to the Debtor; and
    b. That the Bankruptcy Court has the exclusive jurisdiction to determine the applicability of the automatic stay; and
    c. That because he had knowledge of the bankruptcy, proceeding with the trial on the quiet title action would be a willful violation of the automatic stay; and
    d. That under the circumstances, where Flagg had actual knowledge of the bankruptcy and had already tacitly acknowledged that the stay applied by virtue of requesting assent for relief from the stay, Flagg was potentially exposing himself to punitive damages for intentionally violating the automatic stay; and
    e. That neither Thomas Frangos, Attorney Harman, nor Bankruptcy Counsel would be appearing at the Trial the following day.

48. That on May 31, 2024, at 9:00 A.M. Judge Ruoff conducted a hearing on the applicability of the automatic stay and the co-debtor stay to the Quiet Title action, hereinafter the "quiet title hearing".

49. That during the quiet title hearing, Flagg declared that "Everybody knows [the deed from the Trust to Tom Frangos] had no effect because it wasn't from the Trust. [The property] was already in the Trust and [Thomas Frangos] wasn't a Trustee." (Rockingham County Superior Court Hearing Transcript, May 31, 2024; Judge Ruoff presiding; The Bank of New York Mellon v. Thomas Frangos, et. al.; Case No.: 218-2022-CV-00388; quote commences at 8 minutes 26 seconds into audio).

50. Flagg sent Bankruptcy Counsel a text message at 9:56 A.M. on May 31, 2024 asking for assent to an expedited hearing on motion for relief in the Bankruptcy Court, and further indicating that he needed to let Judge Ruoff know the answer. Bankruptcy Counsel promptly responded that assent would not be given, and Flagg responded that he would let the Judge know.

51. During the preceeding at Rockingham County Superior Court on May 31, 2024, Flagg and Attorney Vincent Marconi agreed that a short continuance would be in order.

52. That Judge Ruoff promptly issued a two (2) page order holding that:

   a. The Automatic Stay does not apply to the Quiet Title action because it seeks only to reform a mortgage and deed, and is not an action to collect a debt; and
   b. The Automatic Stay does not apply to the Quiet Title action because the property is not property of the bankruptcy estate; and
   c. Does not mention the applicability of the Co-Debtor stay with respect to either Frances Frangos or the Trust; and
   d. Acknowledges that if the Bankruptcy Court disagrees and the Automatic Stay does apply, the Trial would be void; and
   e. The trial would be continued to July 19, 2024 to allow the Plaintiff to seek review from the Bankruptcy Court.

### COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(1).

53. That the Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 52 above.

54. That 11 U.S.C. §362(a) states in relevant part:

   *(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of –*

   *(1) The commencement or continuation, including the issuances of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*

55. That 11 U.S.C. §362(k) states in relevant part that:

> *(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.*

56. That a violation of the automatic stay is willful if the violator was aware of the bankruptcy and the action(s) which violated the stay were intentional; there is no requirement that the actor intended to violate the automatic stay merely that the actions which constitute the violation are intended. *Fleet Mortgage Group Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999).

57. That the quiet title action states five (5) causes of action which request that the Rockingham County Superior Court validate the mortgage granted by Thomas and Frances Frangos personally upon property which neither Thomas nor Frances Frangos personally owned at the time the mortgage was granted.

58. That Thomas Frangos does not dispute that he does not own the property now, nor has he owned the property at any point since April 1, 2003.

59. That Thomas Frangos does not dispute that he signed the promissory note, which created the debt currently owed to BONY.

60. That the mortgage granted by Thomas Frangos and Frances Frangos is invalid as it seeks to grant a mortgage upon real estate that neither party owned at the time of the grant nor have owned at any point since April 1, 2003.

61. That because the mortgage is invalid, the debt owed by Thomas Frangos is an unsecured debt.

62. That the quiet title action had not been concluded as of the bankruptcy filing date, such that the debt owed to BONY is a general unsecured claim.

63. That the quiet title action seeks to have the mortgage reformed, which would result in the debt being secured.

64. That the quiet title action names Thomas Frangos as the lead defendant in his individual capacity.

65. That the quiet title action relies upon certain "factual allegations common to all claims", and each such "factual allegation" consists of a statement or act taken by Thomas Frangos.

66. The quiet title action, and specifically the Rockingham County Superior Court proceedings on May 31, 2024, is a "judicial...action or proceeding against the debtor that was...commenced before the commencement of the [bankruptcy] case."

67. That Flagg was personally aware of the Debtor's Bankruptcy filing.

68. That Flagg personally acknowledged the existence of the Automatic Stay with respect to the quiet title action.

69. That Flagg personally acknowledged the applicability of the automatic stay with respect to the quiet title action.

70. That Flagg is the managing member of Flagg Law such that Flagg Law had knowledge of the Debtor's Bankruptcy filing.

71. That Flagg is the attorney representing BONY in the quiet title action such that Flaggs' personal knowledge of the Bankruptcy filing, and the existence and applicability of the automatic stay, can be imputed to BONY.

72. That the plain language of 11 U.S.C. §362(a)(1) does not require the judicial action against the debtor to be an action to collect a debt, although an action to collect a debt would fall under the types of actions to be stayed.

73. That the plain language of 11 U.S.C. §362(a)(1) does not require the judicial action to be against or to involve property of the estate.

74. That the NH Bankruptcy Court, at a hearing on July 3, 2024, found that the Quiet Title Action was stayed by virtue of 11 U.S.C. §362(a)(1).

75. That Thomas Frangos has lost wages as a result of the Defendants' willful violation of §362(a)(1).

76. That Frances Frangos has lost wages as a result of the Defendants' willful violation of §362(a)(1).

77. That Thomas Frangos has incurred travel expenses as a result of the Defendants' willful violation of §362(a)(1).

78. That Frances Frangos has incurred travel expenses as a result of the Defendants' willful violation of §362(a)(1).

79. Thomas Frangos has incurred attorneys' fees and costs as a result of the Defendants' willful violation of §362(a)(1).

80. That Frances Frangos has incurred attorneys' fees and costs as a result of the Defendants' willful violation of §362(a)(1).

81. That Thomas Frangos has suffered emotional distress as a result of the Defendants' willful violation of §362(a)(1).

82. That Frances Frangos has suffered emotional distress as a result of the Defendants' willful violation of §362(a)(1).

83. That given Flagg's actual knowledge of the bankruptcy, acknowledgement of the existence and applicability of the automatic stay to the quiet title action, and determination to proceed with the bench trial scheduled for May 31, 2024 despite the aforementioned actual knowledge of the bankruptcy and stay, punitive damages should be granted to the Plaintiffs in an amount deemed sufficient by this Honorable Court.

**COUNT II – WILLFUL VIOLATION OF THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301**

84. That the Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 83 above.

85. That 11 U.S.C. §1301 states in relevant part that:

> *(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless –*
> *(1) Such individual became liable on or secured such debt in the ordinary course of such individual's business; or*
> *(2) The case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.*

86. That 11 U.S.C. §105(a) states in relevant part that, "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

87. That the NH Bankruptcy Court, at a hearing on July 3, 2024, found that the Co-Debtor Stay provided by 11 U.S.C. §1301 applied with respect to Frances Frangos and the Quiet Title Action.

88. That violations of the Co-Debtor stay may be sanctioned pursuant to the Court's inherent powers contained in 11 U.S.C. §105(a).

89. That the Co-Debtor stay exists to protect not only the Co-Debtor but as an added protection for the Debtor during the pendency of the Chapter 13 Case.

90. That the Co-Debtor, Frances Frangos, lost wages because of the Defendants' violation of the Co-Debtor Stay.

91. That the Debtor, Thomas Frangos, lost wages because of the Defendants' violation of the Co-Debtor Stay.

92. That the Co-Debtor, Frances Frangos, incurred travel expenses because of the Defendants' violation of the Co-Debtor Stay.

93. That the Debtor, Thomas Frangos, incurred travel expenses because of the Defendants' violation of the Co-Debtor Stay.

94. That the Co-Debtor, Frances Frangos, incurred attorneys' fees and costs because of the Defendants' violation of the Co-Debtor Stay.

95. That the Debtor, Thomas Frangos, incurred attorneys' fees and costs because of the Defendants' violation of the Co-Debtor Stay.

96. That the Co-Debtor, Frances Frangos, has suffered emotional distress because of the Defendants' violation of the Co-Debtor Stay.

97. That the Debtor, Thomas Frangos, has suffered emotional distress because of the Defendants' violation of the Co-Debtor Stay.

**WHEREFORE**, the Plaintiffs Respectfully requests that this Honorable Court:

A. Find that the Defendants Willfully violated the Automatic Stay imposed by 11 U.S.C. §362(a)(1) and the Co-Debtor Stay imposed by 11 U.S.C. § 1301; and

B. Find that the Defendants' Willful Violation of the Automatic Stay was intentional; and

C. Order the Defendants to compensate the Plaintiffs for the Damages they have suffered as a result of the Defendants' willful and intentional violations of the Automatic Stay; and

D. Order the Defendants to pay Punitive Damages to the Plaintiffs in an amount deemed appropriate by this Honorable Court given the extent and egregiousness of the Defendants' intentional violations of the automatic stay; and

E. Order the Defendants, jointly and severally, to pay the Plaintiffs' reasonable and necessary Attorneys' fees and costs incurred in bringing this matter; and

F. For such other and further relief as is deemed fair, just and equitable.

Respectfully submitted,
Thomas Frangos
Frances Frangos
By and Through Their Attorneys,

Dated: 8/6/24

_____
Terrie Harman, BNH 01250
Harman Law Offices
129 Water St. – PO Box 309
Exeter, NH 03833

Dated: August 6, 2024

/s/ Kathleen E. McKenzie
_____
Kathleen E. McKenzie, BNH 07628
Harman Law Offices, Of Counsel
129 Water St. – PO Box 309
Exeter, NH 03833

Dated: 8/6/24

_____
Richard N. Gottlieb, *Pro Hac Vice*
BBO # 547970
Law Offices of Richard N. Gottlieb
10 Tremont St., Ste. 11, 3rd Floor
Boston, MA 02108